

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 19, 1962

Hon. W. L. Hardwick
County Attorney
Live Oak County
George West, Texas

Opinion No. WW-1505
Re: Whether a County Judge
    may serve as guardian
    of the person and estate
    of a person of unsound
    mind in the court over
    which he otherwise

Dear Mr. Hardwick:
    presides.

        Your letter states that Mr. Harry L. Hinton will take office as County Judge of Live Oak County in January, 1963, and that he is presently serving a guardian of the person and estate of one of unsound mind.

        In particular you ask, ". . . if there is any prohibition against him serving as such guardian during the time he is County Judge if he disqualified himself as Judge in that particular case and another judge is appointed by the Governor."

        Section 16 of Article V of the Constitution of Texas, is in part as follows:

        "The County Court shall have the general jurisdiction of a Probate Court; they shall probate wills, appoint guardian of minors, idiots, lunatics, persons non compos mentis and common drunkards, grant letters testamentary and of administration, settle accounts of executors, transact all business appertaining to deceased persons, minors, idiots, lunatics, persons non compos mentis and common drunkards, including the settlement, partition and distribution of estates of deceased persons and to apprentice minors, as provided by law;. . ."

        Article 319, Vernon's Civil Statutes, states:

        "No judge or clerk of the Supreme Court, Courts of Civil or Criminal Appeals, or District Court, or sheriff or

deputy, or constable, shall be allowed to appear and plead as an attorney at law in any Court of record in this State. No county judge or county clerk who is licensed to practice law shall be allowed to appear and practice as an attorney at law in any county or Justice Court, except in cases where the Court over which such judge presides, or over which such clerk is clerk has neither original nor appellate jurisdiction. No county clerk who is licensed to practice law shall be allowed to appear and practice as an attorney at law in any District Court, Court of Civil Appeals, Court of Criminal Appeals, or the Supreme Court unless the Court of which such clerk is clerk has neither original nor appellate jurisdiction." (Emphasis added)

The underscored portion of the above statute leaves no doubt that a County Judge is precluded from practicing law in any County Court, except in those cases where the Court over which he presides has neither original nor appellate jurisdiction.

This conclusion raises the question of whether or not serving as guardian of the person and estate of a person of unsound mind constitutes the practice of law. The answer to this question is found in Sections 109 and 110 of the Texas Probate Code. Section 109 is entitled "Persons Qualified to Serve as Guardians"; and provides that if certain designated classes of individuals (spouse and nearest of kin) refuse to serve or are non-existent or fail to qualify, "then any other qualified person shall be entitled to the guardianship." V. A. T. S. Probate Code, Section 109(c) (2). Section 110 of the Probate Code is entitled "Persons Disqualified to Serve as Guardians." This section enumerates some eight causes which prevent qualification. Failure to be a practicing attorney is not one of these causes.

Construing these two sections together, it is our conclusion that the Texas Probate Code has no restriction against a qualified layman serving as a guardian; and that such service, of itself, does not constitute the practice of law.

We are therefore of the opinion that Article 319, Vernon's Civil Statutes, does not prohibit a County Judge who is also a licensed attorney from serving as guardian of the person and estate of a person of unsound mind in the court over which he presides if the following conditions are met:

1. Whenever a matter relating to the guardianship is brought before the court, the County Judge must disqualify himself according to the provisions of Article 5, Section 11 of the Constitution of Texas, which provides in part: "No judge shall sit in any case wherein he may be interested. . ."

2. Whenever a matter relating to the guardianship is brought before the court, or whenever the provisions of the Texas Probate Code require some action by the County Judge concerning the guardianship, then the provisions of Article 1932, Vernon's Civil Statutes, must be followed.

Article 1932 reads as follows:

"When a county judge is disqualified to act in any probate matter, he shall forthwith certify his disqualification therein to the Governor, whereupon the Governor shall appoint some person to act as special judge in said case, who shall act from term to term until such disqualification ceases to exist. A special judge so appointed shall receive the same compensation as is now or may hereafter by provided by law for regular judges in similar cases, and the Commissioners' Court shall, at the beginning of each fiscal year, include in the budget of the county a sufficient sum for the payment of the special judge or judges appointed by the Governor to act for the regular county judge."

3. Whenever a matter relating to the guardianship is brought before the County Court, and such matter is one which would require presentation by a licensed attorney, the County Judge must be represented, as guardian, by another licensed attorney.

## SUMMARY

The provisions of Article 319, Vernon's Civil Statutes, do not prohibit a County Judge who is also a licensed attorney from serving as guardian of the person and estate of a person of unsound mind in the court over which he may preside if the following conditions are met:

1. The County Judge must comply with the provisions of Article 5, Section 11 of the Constitution of Texas.

2. The provisions of Article 1932, Vernon's Civil Statutes, must be followed.

3. In guardianship matters brought before the court requiring presentation by a licensed attorney, the County Judge must be represented, as guardian, by another licensed attorney.

Very truly yours,

WILL WILSON
Attorney General of Texas

By: _J. Gordon Zuber_
J. GORDON ZUBER
Assistant Attorney General

JGZ/ms

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman

Sam Stone
Albert Pruett
William H. Pool

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore